**E-FILED**
Friday, 13 July, 2007  10:52:02 AM
Clerk, U.S. District Court, ILCD

**UNITED STATES  DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
Urbana Division

| | | |
|---|---|---|
| SREEKUMAR SOMASEKHARAN, and ANIL ANTONY, and PAUL MANI, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 07-2087 |
| LAWRENCE & ASSOCIATES, INC., | ) ) ) | |
| Defendant. | ) | |

# REPORT AND RECOMMENDATION

In March 2007, Plaintiffs Somasekharan, Antony, and Mani (hereinafter "consultants") filed a complaint in the Sixth Judicial Circuit Court of Illinois against Defendant Lawrence & Associates, Inc. (hereinafter "LAI"), alleging breach of contract in addition to violations of the Fair Labor Standards Act (29 U.S.C. § 201 *et seq.*) (hereinafter "FLSA"), the Illinois Wage Payment and Collection Act (820 Ill. Comp. Stat. 115/1 *et seq.*) (hereinafter "IWPCA"), and the Illinois Minimum Wage Law (820 Ill. Comp. Stat. 105/1 *et seq.*) (hereinafter "IMWL").  In April 2007, LAI filed a Notice of Removal (#1).  Federal jurisdiction is based on federal question pursuant to 28 U.S.C. § 1331.

In May 2007, LAI filed a Motion To Dismiss (#4.)  After reviewing the pleadings and memoranda, this Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that LAI's Motion To Dismiss (**#4**) be **DENIED**.

## I.  Background

The consultants alleged the following information in their complaint.  LAI employed Somasekharan and Antony from October 2001 until November 2004 and employed Mani from August 1999 until November 2004.  (Complaint, #1-2, ¶ 4.)  Both Somasekharan and Antony signed employment agreements with LAI, but Mani signed no such agreement.  *Id.*  LAI assigned the consultants to work for its customer, Amdocs, Champaign, Inc. (hereinafter "Amdocs"), located in Champaign, Illinois.  (#1-2, ¶ 5.)  LAI improperly treated the consultants as exempt employees and did not pay them more than their standard hourly rate for overtime

hours worked.  (#1-2, ¶¶ 10-11.)  LAI also agreed to pay for Somasekharan to travel to India in exchange for his working a designated number of hours, but paid for only one such trip despite Somasekharan's working the designated number of hours on three occasions.  (#1-2, ¶¶ 12-13.)

Each Plaintiff notified LAI of his intent to resign from LAI in or around November 2004. (#1-2, ¶ 14.)  LAI did not pay either Somasekharan or Antony for his final two weeks of work, nor did it pay any of the consultants for their accrued vacation.  (#1-2, ¶¶ 15-17.)  LAI also deducted $2,000 from Mani's final paycheck without his authorization.  (#1-2, ¶ 18.)

In November 2005, LAI filed a suit in Missouri state court against the consultants and Amdocs for, *inter alia*, breach of contract.  (Petition, #4-2.)  The consultants then removed the case to federal court in the Eastern District of Missouri and asserted counterclaims against LAI for breach of contract, for final wages and vacation pay in violation of federal and Illinois law, for overtime pay in violation of federal and Illinois law, and for impermissible deduction from final pay in violation of Illinois law.  (Defendants' Answer and Counterclaim Against Lawrence & Associates, Inc., #4-3.)  LAI filed a motion to dismiss the counterclaims for lack of subject matter jurisdiction, and in January 2007, the district court in Missouri granted that motion (Memorandum Opinion, #4-4), dismissing the counterclaims without prejudice.

In March 2007, the consultants filed suit in Illinois state court and, in April 2007, LAI removed the case to this Court pursuant to 28 U.S.C. § 1331.  On May 3, 2007, LAI filed a motion to dismiss all of the consultants' claims based on the first-to-file rule and also for lack of personal jurisdiction and for failure to state a claim.

## II.  Standard

When considering a motion to dismiss, the Court must accept all well-pleaded factual allegations in the claim as true, and draw all reasonable inferences in favor of the nonmoving party. *Adams v. United States*, 391 F.3d 1212, 1218 (Fed. Cir. 2004); *Guitierrez v. Peters*, 111 F.3d 1364, 1368-69 (7th Cir. 1997).  The Court should dismiss the claim only if the

nonmoving party cannot prove any set of facts consistent with the allegations of the complaint that would entitle him to relief.  *Adams,* 391 F.3d at 1218; *Bennett v. Schmidt*, 153 F.3d 516, 518-19 (7th Cir. 1998).

### III.  Analysis

LAI first argues that this Court should dismiss the consultants' complaint because the consultants filed substantially similar claims in another currently pending case.  Next, LAI argues that the Court lacks personal jurisdiction over LAI.  Last, LAI argues that the consultants failed to state a claim for which relief may be granted under both federal and state law.

### A.  The First-To-File Rule

LAI first argues that this Court should dismiss the suit based on the first-to-file rule because the consultants previously filed their claims as counterclaims in the Missouri case and, even though the Missouri court dismissed the counterclaims, those claims are pending within the meaning of the first-to-file rule because the consultants retain appeal rights over them.

The "first-to-file" rule is the doctrine that, in the interests of judicial economy, a court may stay an action if the claim involves the same parties, issues, and facts as an action currently pending in another court.  *Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993).  Courts command "'a great deal of latitude and discretion' in determining whether one action is duplicative of another," but a suit is generally duplicative "if the 'claims, parties and available relief do not significantly differ between the two actions.'"  *Id.* (quoting *Ridge Gold Standard Liquors v. Joseph E. Seagram*, 572 F. Supp. 1210, 1213 (N.D. Ill. 1983)).  In addition, the Seventh Circuit does not rigidly adhere to a "first-to-file" rule.  *Trippe Mfg. Co. v. Am. Power Conversion Corp.*, 46 F.3d 624, 629 (7th Cir. 1995).

The parties in the present case are the same as in the pending suit in Missouri.  The Missouri case included LAI's claims against consultants and Amdocs.  In addition, as noted above, the consultants filed counterclaims against LAI in the Missouri suit.  The *counterclaims*

in the Missouri suit are similar to or the same as the consultants' claims in this case.  The Missouri court dismissed the consultants' counterclaims, stating that the consultants' counterclaims are not "so related to [LAI's] claims . . . that they form part of the same case or controversy.  Nor do the counterclaims derive from a common nucleus of operative facts as [LAI's] claims against the individual defendants."  (#4-4, p. 5.)  Ultimately, the Missouri court dismissed the consultants' counterclaims without prejudice because the consultants failed to allege a basis for federal subject matter jurisdiction.  (#4-4, p. 6.)  Thus, the only claims under consideration in the Missouri case at this point are LAI's claims.  None of the parties contend that those claims are the same claims as consultants' claims in this case.

LAI contends that the dismissed counterclaims are still "pending" in the Missouri court because the consultants may retain appeal rights.  However, dismissed claims do not constitute currently pending claims even if the suit in which those claims were originally brought has not yet proceeded to a final judgment.  *See Trippe Mfg. Co.*, 46 F.3d at 628 (holding that once a claim was dismissed by an Illinois court, a Rhode Island court was free to address the merits of that claim "without risk of duplicative litigation").  Accordingly, the Court concludes that only LAI's claims are pending in the Missouri case.  Thus, the claims pending in this suit are not the same as the claims pending in the Missouri case for purposes of the first-to-file rule.

A dismissal for lack of subject matter jurisdiction is without prejudice because a court without subject matter jurisdiction cannot rule on the merits.  *Murray v. Conseco, Inc.*, 467 F.3d 602, 605 (7th Cir. 2006).  Moreover, dismissal without prejudice does not preclude a claimant from refiling her claims.  *Sharif v. Wellness Int'l Network, Ltd.*, 376 F.3d 720, 725 (7th Cir. 2004).  The Missouri court previously determined that it did not have jurisdiction over the consultants' claims and the Court will respect that determination and honor the consultants' choice of forum.  Therefore, the Court recommends denying LAI's Motion To Dismiss under the first-to-file rule.

**B.  Personal Jurisdiction**

LAI next argues that the Court cannot exercise personal jurisdiction over LAI based on specific jurisdiction because LAI lacks the necessary minimum contacts with Illinois.

For a court to have personal jurisdiction over a defendant, that defendant must have "certain minimum contacts with [the forum State] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)).  A corporation's contacts must be determined by activities carried out on its behalf in a certain jurisdiction. *Id.* at 317.  Furthermore, when "a corporation exercises the privilege of conducting activities within a state, it enjoys the benefits and protection of the laws of that state" and consequently becomes obligated to defend suits arising out of those activities. *Id.* at 319.

The exercise of personal jurisdiction over a defendant will comport with "traditional notions of fair play and substantial justice" if a defendant's contacts "with the forum State are such that he can reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980); *Int'l Shoe Co.*, 326 U.S. at 316 (quoting *Milliken*, 311 U.S. at 463).

In the present case, LAI contracted extensively with Amdocs, an Illinois company.  Part of LAI's agreements with Amdocs included sending the consultants to work in Illinois for Amdocs.  Thus, under the minimum contacts test established in *International Shoe*, LAI clearly conducted activities within Illinois because its employees were conducting business in the State on its behalf.  In addition, LAI was protected by the law of Illinois when it sent its employees to the State to act on its behalf.

Furthermore, LAI cannot contend that Illinois is so distant and inconvenient a forum that the exercise of personal jurisdiction over it would violate notions of fairness and justice.  LAI conducted business in Illinois and could have reasonably anticipated that its conduct would give rise to a lawsuit in the State.  Therefore, the exercise of personal jurisdiction over LAI in Illinois

satisfies both the minimum contacts and fairness tests developed in *International Shoe* and *World Wide Volkswagen*, and the Court recommends denying the motion to dismiss for lack of personal jurisdiction.

### C.  Failure To State a Claim Under the FLSA

Defendant next argues that the consultants' FLSA claims should be dismissed for failure to state a claim because Plaintiffs failed to allege that they were producing goods for interstate commerce.  In support, Defendant relies on *Gustafson v. Fred Wolferman, Inc*., 6 F.R.D. 503, 505 (W.D. Mo. 1945).  Plaintiffs respond that an employee is protected by the FLSA if either the employer is a covered enterprise or a plaintiff is a covered individual.

Rule 8(a) requires only "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . ., (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks."  FED. R. CIV. P. 8(a).  This is a notice pleading standard, not a fact pleading standard.  *Hefferman v. Bass*, 467 F.3d 596, 599 (7th Cir. 2006).  The point of a notice pleading standard is that the plaintiff is not required to plead either facts or legal theories.  *Id.* (citing *Marshall v. Knight,* 445 F.3d 965, 968 (7th Cir. 2006)).  Regarding notice pleading, the Seventh Circuit court has stated as follows:

> Plaintiffs need not plead facts; they need not plead law; they plead claims for relief.  Usually they need do no more than narrate a grievance simply and directly, so that the defendant knows what he has been accused of . . . .  Any district judge (for that matter, any defendant) tempted to write "this complaint is deficient because it does not contain..." should stop and think:  What rule of law *requires* a complaint to contain that allegation?

*Doe v. Smith*, 429 F.3d 706, 708 (7th Cir. 2005).  The Court notes that there are no heightened pleading standards for a FLSA claim.  *See Hernandez v. City Wide Insulation of Madison, Inc.*, No. 05C0303, 2006 WL 2690980, \*1 (E.D. Wis. Sept. 19, 2006) (stating that Rule 12(e) does not create a heightened pleading standard for FLSA claims).

Here, Plaintiffs may have to prove some facts that they did not plead, but that is not uncommon.  Nevertheless, they have adequately stated their claims under the FLSA so that Defendant knows what it has been accused of.  Accordingly, they have satisfied notice pleading standards and the Court recommends denying the motion to dismiss Counts II and III for failure to state a claim.

### D.  Failure To State a Claim Under the IWPCA and IMWL

Last, LAI argues that the Court should dismiss the consultants' claims under the IWPCA and the IMWL because Missouri law, rather than Illinois law, should apply.

To determine which state law should apply to the current case, a court applies the choice-of-law rules of the forum state.  *Gramercy Mills, Inc. v. Wolens*, 63 F.3d 569, 572 (7th Cir. 1995).  Illinois has adopted the tests from the Restatement (Second) of Conflicts as its choice-of-law rules.  *Id.*; *Esser v. McIntyre*, 661 N.E.2d 1138, 1141 (Ill. 1996).  The "most significant relationship" test of Section 188 of the Restatement provides the guidelines for determining choice-of-law issues in contracts cases.  *Gramercy Mills, Inc.*, 63 F.3d at 572.  Thus, in determining which state's law should apply, the Court should consider:  "(a) the place of contracting, (b) the place of negotiation, (c) the place of performance, (d) the location of the subject matter of the contract, and (e) the domicile, residence, place of incorporation, and place of business of the parties."  *Id.*; Restatement (Second) of Conflicts § 188 (1971).  Furthermore, the Restatement indicates that the factors "are to be evaluated according to their relative importance with respect to the particular issue."  Restatement (Second) of Conflicts § 188.  The purpose of this analysis is "to determine which jurisdiction's policies would be furthered by resolving the underlying dispute pursuant to its law."  *Kroger v. Legalbill.com*, 436 F. Supp. 2d 97, 103-04 (D.C. Cir. 2006).

Applying those factors, the Court notes that the contract was signed and negotiated in Missouri.  However, the contract concerned the consultants' working in Illinois, so their performance of the contract was to occur in Illinois.  Also, the location of the subject matter of the contract is Illinois because the contract centered around activities to be conducted in Illinois.

Last, the consultants are domiciled in Illinois and reside in Illinois.  However, LAI is incorporated in Missouri with its principal place of business in Missouri.  Because the factors are evenly split, the Restatement balancing test does not provide a definitive answer and the analysis must shift towards the relative importance of the factors to the issue at hand.

The issues of state law at dispute in this case concern the payment of minimum wage, overtime compensation, and final compensation.  As the issues all pertain to employment, it follows that the location of performance and the location of the subject matter of the contract are important factors for the determination.  Nevertheless, the place of signing and negotiating the contract would also factor into the analysis.  Again, the balance in this case is roughly equal and the Court must determine which jurisdiction's policies would be best served by applying its law to the current dispute.

Illinois has an interest in regulating employment occurring within its borders and both the IWPCA and the IMWL articulate that interest.  *See* 820 ILL. COMP. STAT. 105/2 (2007) ("[I]t is the policy of this Act . . . to safeguard such minimum wage against the unfair competition of wage and hour standards which do not provide such adequate standards of living; and to sustain purchasing power and increase employment opportunities."); 820 ILL. COMP. STAT. 115/1 (2007) ("This Act applies to all employers and employees in this State . . .").  Moreover, Missouri's interest in regulating employment only extends to employment occurring within its borders.  *See* MO. REV. STAT. § 290.152 (2007) (extending coverage of Missouri wage law to any "legal entity which has . . . in [its] employ one or more individuals performing services for the entity *within this state*") (emphasis added).

Here, the policy interest of the state of Illinois in regulating the employment of the consultants outweighs Missouri's interest because their employment in Illinois extended over a period of several years and they performed their work predominantly in Illinois.  Furthermore, the consultants had no direct connection to Missouri other than the fact that they had signed their employment contracts there only to be sent almost directly to Illinois.  In fact, their only lasting connection to Missouri is the fact that their paychecks came from LAI, a Missouri company.

The Court concludes that Illinois has the greater interest in the issue at hand and that Illinois policy would be furthered by resolving this dispute under its law.  Therefore, the Court recommends denying the motion to dismiss the Illinois state law claims.

### IV.  Summary

For the reasons set forth above, this Court recommends that Defendant's Motion To Dismiss **(#4)** be **DENIED**.

The parties are advised that any objection to this recommendation must be filed in writing with the clerk within ten (10) working days after being served with a copy of this Report and Recommendation.  See 28 U.S.C. § 636(b)(1).  Failure to object will constitute a waive of objection on appeal.  *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTER this 13th day of July, 2007.

s/ DAVID G. BERNTHAL
U.S. MAGISTRATE JUDGE

H:\Inbox\rec\2007\somasekharan v lawrence.07-2087.#4.R&R.wpd